# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| United States of America ex rel. The Tarbell Group, LLC,<br><br>Plaintiff<br><br>v.<br><br>Greene County Partnership, et al.,<br><br>Defendants | Case no. 1:25-cv-110 |

**MEMORANDUM IN SUPPORT OF MOTION TO ENLARGE TIME FOR SERVICE**

Pursuant to paragraph 11.4 of the Court's Electronic Case Filing Rules and Procedures, Plaintiff-Relator The Tarbell Group, LLC ("Relator") files this memorandum in support of its Motion to Enlarge Time for Service. Relator respectfully submits that the motion should be granted because the summons and complaint have been served, and granting the motion would prejudice no party, serve the interest of justice, and effectuate the letter and spirit of Rule 1 of the Federal Rules of Civil Procedure ("Rules"), while denying it would contravene that rule by imposing unnecessary delay, expense, and administrative burden on both Relator and the defendant.

On January 21, 2026, the Court ordered Relator to show cause why the complaint should not be dismissed pursuant to Rules 4(m) and 41(b). ECF Doc. 13. Relator promptly effectuated service of the summons and complaint on defendant Greene County Partnership ("Defendant") pursuant to Rule 4(*l*)(1). Proof of service will be filed shortly. Relator is concurrently filing a notice of voluntary dismissal as to defendant Chattanooga Area Convention and Visitors Bureau, Inc. ECF Doc. 18.

Relator respectfully submits, in the first instance, that the complaint should not be dismissed because it has been served on Defendant.

In the alternative, Relator respectfully moves the Court to exercise its discretion under Rule 4(m) to enlarge the time for service nunc pro tunc to January 30, 2026, the date on which service was effectuated. Rule 4(m) vests the Court with such discretion, with or without good cause shown. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days . . . the court . . . must dismiss the action without prejudice against that defendant *or order that service be made within a specific time*" (emphasis added)); *id.*, Advisory Committee Note re 1993 amendment ("This new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); *Henderson v. United States*, 517 U.S. 654, 662 (1996) ("courts have been accorded discretion to enlarge the [service] period 'even if there is no good cause shown'" (quoting Advisory Committee Note re 1993 amendment to Rule 4(m))).

In *United States v. Oakland Physicians Medical Center, LLC*, 44 F.4th 565, 568-69 (6th Cir. 2022), the Sixth Circuit set forth the following seven factors pertinent to the exercise of Rule 4(m) discretion:

(1) how far beyond timely service of process the extension would be;

(2) prejudice to the defendant beyond that inherent in defending the suit;

(3) defendant's actual notice of the lawsuit;

(4) prejudice to the plaintiff, for example, due to a time bar;

(5) plaintiff's good-faith efforts to effect service and diligence in correcting deficiencies;

(6) plaintiff's pro se status *vel non*; and

(7) additional equitable factors.

Relator addresses each factor by number below in respectfully submitting that all applicable factors counsel in favor of the requested modest extension:

(1) The requested extension is only thirty (30) days, or one month. The Court unsealed the case on October 2, 2025, ECF Doc.12, one hundred twenty days before service was effected, thirty days beyond the 90-day limit of Rule 4(m).

(2) A thirty-day delay in service will not cognizably prejudice the defendant. The government elected not to intervene with no extensions of time. Qui tam cases such as the action at bar routinely endure years of delay prior to service upon the defendants pending the government's investigation and intervention decision, but are nevertheless permitted to proceed.

(3) The Defendant has been served and thus has actual notice of the lawsuit.

(4) Dismissal threatens Relator with the risk, similar (although not identical) to the lapse of the statute of limitations, of being barred from re-filing under the first-to-file rule of the False Claims Act. 31 U.S.C. § 3730(b)(5). Courts have recognized that discretionary extensions under Rule 4(m) are appropriate where dismissal "without prejudice" would effectively be "with prejudice" due to the statute of limitations. *See*, *e.g.*, *Broome v. Iron Tiger Logistics, Inc.*, No. 7:17-cv-444, 2018 U.S. Dist LEXIS 140412, at *8, 10 (W.D. Va. Aug. 19, 2018) and cases there cited (extending service window by 220 days *nunc pro tunc* "[i]n the interest of justice—namely deciding cases on the merits—and judicial efficiency" to avoid *de facto* dismissal with prejudice due to statute of limitations).

(5) Upon receipt of the Court's January 21 show-cause order, ECF Doc. 13, Relator caused service to be effectuated upon defendant within ten days, and within the Court's response deadline.

Factors (6) and (7) do not apply, as Relator is not pro se, and there do not appear to be equitable factors uniquely applicable to this case weighing in either direction.

This Court and numerous others in this district and beyond, have exercised their Rule 4(m) discretion in the interest of justice, including in circumstances involving service far more belated than here. *See*, *e.g.*, *Dibrell v. PNC Bank*, No. 3:24-cv-115, 2025 U.S. Dist. LEXIS 26271, at *8-10 (E.D. Tenn. Feb. 13, 2025) (McDonough, J.) (granting 21-day extension to *pro se* plaintiff eleven months after filing where, as here, defendant received actual notice and would suffer no cognizable prejudice; unlike here, the plaintiff never succeeded in effectuating service despite multiple extensions, and the case was ultimately dismissed, 2025 U.S. Dist. LEXIS 76331, at *4-7 (April 22, 2025)); *Bell v. Monday*, No. 3:24-cv-148, 2024 U.S. Dist. LEXIS 148778, at *3-4 (E.D. Tenn. Aug. 20, 2024) (21-day extension); *Hennekam v. Experian Info. Solutions, Inc.*, No. 3:24-cv-158, 2024 U.S. Dist. LEXIS 132442, at *2-3 (E.D. Tenn. July 26, 2024) (approximately 30-day extension); *Smith v. Lincoln Health Sys.*, No. 4:19-cv-68, 2020 U.S. Dist. LEXIS 216447, at *6-8 (E.D. Tenn. Nov. 19, 2020) (granting represented plaintiffs an extension of more than 45 days despite missed show-cause deadline and describing the same as "relatively short"); *Treadway v. Cal. Prods. Corp.*, No. 2:13-cv-120, 2013 U.S. Dist. LEXIS 164143, at *16-17 (E.D. Tenn. Nov. 19, 2013) (granting and describing approximately additional 60 days as not a "significant extension"); *Dunham-Kiely v. United States*, No. 3:08-cv-114, 2010 U.S. Dist. LEXIS 46114, at *16 (E.D. Tenn. May 11, 2010) (147-day extension despite prejudice to defendant); *Gelin v. Shuman*, 35 F.4th 212, 219-20 (4th Cir. 2022) (reversing dismissal of complaint served one year after filing); *Broome*, 2018 U.S. Dist LEXIS 140412, at *9 (denying dismissal of complaint served 220 days late because, *inter alia*, defendant suffered no prejudice); *Robinson v. G D C, Inc.*, 193 F.Supp.3d 577, 580, 584 (E.D. Va. 2016) (same, where plaintiff served complaint promptly after a show-cause order).

In addition to the factors enumerated by *Oakland Physicians Medical Center*, Relator respectfully submits that an extension is appropriate under the mandate of Rule 1, namely, that the Rules be "administered . . . to secure the just, speedy, and inexpensive determination of every action . . ." Allowing the case to proceed will prejudice no party, and dismissal would advance no interest of justice. Dismissal would frustrate prompt and orderly resolution of the dispute by requiring Relator to re-file, visiting needless delay, expense, and administrative burden on Relator, the Government, and the Defendant alike, a result at odds with Rule 1. *See Robinson*, 193 F.Supp.3d, at 584-85 (applying Rule 1 in exercising Rule 4(m) discretion irrespective of good cause and articulating the reason courts enjoy such discretion: "the greater a district court's latitude to grant such extensions, the fewer cases that will be dismissed without prejudice only to be re-filed shortly thereafter.").

Accordingly, Relator respectfully moves the Court to exercise the discretion vouchsafed it by Rule 4(m) to extend the deadline for service by thirty (30) days to January 30, 2026, nunc pro tunc. A motion and proposed order to that effect are filed concurrently herewith.

Respectfully submitted,

/s Bruce Ellis Fein

Bruce Ellis Fein (pro hac vice, Virginia State Bar No. 44049)
Bruce Ellis Fein, PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator*