UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| United States of America ex rel. The Tarbell Group, LLC, Plaintiff | ) | |
| v. | ) | Case No. 1:24-cv-11950-LTS |
| Acoaxet Club Inc., et al. | ) | |

**MOTION FOR JUDICIAL NOTICE**

Defendant International Brotherhood of Electrical Workers Building Corporation ("Building Corp.") hereby moves this Honorable Court to take Judicial Notice pursuant to Fed. R. Evid. 201 of several archived websites as documented in the well-known and highly regarded "Wayback Machine" maintained by the non-profit Internet Archive.

The Building Corp. has this day also filed a motion to dismiss under, *inter alia*, Fed. R. Civ. P. 12(b)(6) arguing that this False Claims Act lawsuit is barred by the public disclosure bar. This motion provides the appropriate vehicle for the court to recognize the numerous prior public disclosures that apply in this case.

Under Fed. R. Evid. 201(b), the court may take judicial notice at any stage of the proceeding of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

When a court is considering arguments about the public disclosure bar, such public reports "are properly before us." *U.S. ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 207–08 (1st Cir. 2016). "[E]ven within the Rule 12(b)(6) framework, a court may consider matters of public record and facts susceptible to judicial notice." *Id.* (approving of judicial notice of a press release, news articles, congressional report and testimony). "This praxis is fully consistent with the approach of our sister circuits, which routinely have considered undisputed documents provided by the parties in connection with Rule 12(b)(6) motions based on the public disclosure bar." *Id.* (citing cases).

The material that is the subject of this motion, specifically identified below, is a collection of web pages that are currently online but that are dated from more than two years before the complaint was filed. The Building Corp. used the Wayback Machine to conclusively establish that these web pages were, in fact, also online before the Complaint was filed, and are therefore public disclosures. The Wayback Machine "is an online digital archive of web pages. It is run by the Internet Archive, a nonprofit library in San Francisco, California." *Gjovik v. Apple Inc.*, No. 23-CV-04597-EMC, 2025 WL 637931, at *8 (N.D. Cal. Feb. 27, 2025) citing *Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1374 (Fed. Cir. 2021).

Courts routinely "have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Walsh v. Teltech Sys., Inc.*, No. CV 13-13064-RWZ, 2015 WL 12856456, at *2 (D. Mass. July 30, 2015), aff'd, 821 F.3d 155 (1st Cir. 2016) (citing cases); see also *Dubliner, Inc. v. E. Coast Tavern Grp., Inc.*, 706 F. Supp. 3d 181, 194 (D. Mass. 2023) (taking judicial notice of Wayback Machine archives); *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) ("Numerous courts, including our sister courts,

have taken judicial notice of web pages available through the WayBack Machine."). This includes cases like this one where a party wishes to provide the court with a "historical snapshot" of a webpage "as it existed on a given date." *Gjovik*, at *8, citing cases.

Although the Fifth Circuit declined to grant judicial notice to Wayback Machine material in *Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 584 (5th Cir. 2022), as *Gjovik* explained, where "the limited issue is whether the Court may take judicial notice of information obtained from the Wayback Machine to show that the permits were available to the public on a particular date… judicial notice was proper for that purpose" even under *Weinhoffer*. *Gjovik*, at *9; see also *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1324 (C.D. Cal. 2023) (using the Wayback Machine, "a court may take judicial notice of the contents of a government website, but need not take notice that the contents of the website are true").

In this case, the Building Corp. only seeks to show that information was publicly disclosed online well before the complaint was filed. Because there can be no serious doubt that the materials identified below are authentic, the Court should grant the motion for judicial notice.

The Building Corp. requests judicial notice of the following documents, which are accompanied by exhibits matching the below numbering:

1. Freedom Foundation, *Profiting from a Pandemic: How Ineligible Unions Collected Millions in Federal COVID Relief Fund Executive Summary*, shown as presented in March 2022 by the Wayback Machine https://web.archive.org/web/20220303012138/https://www.freedomfoundation.com/labor/profiting-from-a-pandemic-how-ineligible-unions-collected-millions-in-federal-covid-relief-funds/ (last visited Oct. 14, 2026)

2. Freedom Foundation, *Profiting from a Pandemic: How Ineligible Unions Collected Millions in Federal COVID Relief Fund*, shown as presented in March 2022 by the Wayback Machine https://web.archive.org/web/20220308174231/https://www.freedomfoundation.com/wp-content/uploads/2022/02/Profiting-from-a-Pandemic-%E2%80%93-Union-Receipt-of-PPP-Loans.pdf (last visited Oct. 14, 2026)

3. Wayback Machine access of excel spreadsheet linked in *Profiting from a Pandemic: How Ineligible Unions Collected Millions in Federal COVID Relief Fund Executive Summary*, along with a screenshot demonstrating that the spreadsheet was available as early as February 2022: https://web.archive.org/web/20220203134930/https://www.freedomfoundation.com/wp-content/uploads/2022/01/SBA-PPP-loans-to-ineligible-labor-unions-and-related-organizations.xlsx (last visited Oct. 14, 2026)

4. Freedom Foundation, *Congressional Republicans Call on SBA to Investigate How Unions Improperly Received COVID Relief* (October 18, 2022), shown as presented in April 2022 by the Wayback Machine: https://web.archive.org/web/20220412163217/https://www.freedomfoundation.com/labor/congressional-republicans-call-on-sba-to-investigate-how-unions-improperly-received-covid-relief/ (last visited Oct. 14, 2026)

5. House Committee on Education & Workforce, *Foxx, Leutkemeyer, Allen, Van Duyne Joint Statement on Unions Illegally Receiving PPP Funds*, (April 6, 2022), shown as presented in February 2023 by the Wayback Machine: https://web.archive.org/web/20230207174715/https://edworkforce.house.gov/news/documentsingle.aspx?DocumentID=408208 (last visited Oct. 14, 2026)

6. Letter from the Four House Republicans to Small Business Administration Administrator Isabel Castillas Guzman, April 6, 2022, shown as presented in February 2023 by the Wayback Machine: https://web.archive.org/web/20221005063712/https://republicans-smallbusiness.house.gov/uploadedfiles/4-6-22_-_hsbc_helc_to_sba.pdf (last visited Oct. 14, 2026)

7. Freedom Foundation, *SBA Officials Plead Ignorance of Union Related Covid Relief Fraud* (October 18, 2022), shown as presented in October 2022 by the Wayback Machine: https://web.archive.org/web/20221019032323/https://www.freedomfoundation.com/labor/sba-officials-plead-ignorance-of-union-related-covid-relief-fraud/ (last visited Oct. 14, 2026)

8. Excerpt of 2020 FOIA Email Exchange Between James Sherk and Christopher Grey, shown as presented in February 2022 by the Wayback Machine: https://web.archive.org/web/20220203134952/https://www.freedomfoundation.com/wp-content/uploads/2022/01/SBA-FOIA-regarding-PPP-loans-to-unions.pdf (last visited Oct. 14, 2026)

9. Excerpt of 2022 FOIA Documents Linked in Freedom Foundation Reporting Related to SBA's Response to Letter from Congressional Republicans, shown as presented in

October 2022 by the Wayback Machine: https://web.archive.org/web/20221019042234/https://www.freedomfoundation.com/wp-content/uploads/2022/10/SBA-FOIA-C5-PPP-documents.pdf (last visited Oct. 14, 2026).

10. Washington Free Beacon, Labor Unions Collected $37 Million in COVID Relief They Were Ineligible To Receive, February 2, 2022, shown as presented by the Wayback Machine: https://web.archive.org/web/20260611075247/https://freebeacon.com/latest-news/labor-unions-received-37-million-in-illegal-pandemic-relief/ (last visited October 14, 2026)

11. SBA Paycheck Protection Program (PPP) Information Sheet, shown as presented by the Wayback Machine: https://web.archive.org/web/20200401213749/https://home.treasury.gov/system/files/136/PPP--Fact-Sheet.pdf (last visited October 14, 2026)

Respectfully submitted,

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS BUILDING CORPORATION

By its attorney,

James A.W. Shaw, BBO # 670993
SEGAL ROITMAN, LLP
33 Harrison Ave., 7th Floor
Boston, MA 02111
(617) 504-8774
jshaw@segalroitman.com

Dated: October 14, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on October 14, 2026.

James A.W. Shaw

**RULE 7.1 CERTIFICATE**

I hereby certify that pursuant to L.R. 7.1(a)(2) I have conferred with opposing counsel and attempted in good faith to resolve or narrow the issue.

James A.W. Shaw